IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| MILTON DYER and ILA DYER, | ) |
|    Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 3:18-cv-00366 |
| JIM PATTISON GROUP, INC. a/k/a The Jim Pattison Group d/b/a Ripley's Believe It or Not!; and RIPLEY ENTERTAINMENT, INC. d/b/a Ripley's Believe It or Not!, | ) Jury Demanded ) ) ) ) ) |
|    Defendants. | ) |

**COMPLAINT**

Plaintiffs, Milton Dyer and Ila Dyer, by and through counsel, and for their Complaint against Defendants, Jim Pattison Group, Inc. a/k/a The Jim Pattison Group d/b/a *Ripley's Believe It or Not!*, and Ripley Entertainment, Inc. d/b/a *Ripley's Believe It or Not!*, aver as follows:

<u>Jurisdiction and Venue</u>

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiffs and Defendants.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

3. This Court has in personam jurisdiction over Defendant, because Defendants' activities within the State of Tennessee give rise to this action.

Parties

4. Plaintiffs Milton Dyer and Ila Dyer are husband and wife and citizens of the State of Arkansas.

5. Defendant Jim Pattison Group, Inc. a/k/a The Jim Pattison Group is a Canadian corporation with its principal place of business located at 1800-1067 West Cordova Street, Vancouver, British Columbia V6C 1C7 Canada.

6. Defendant Ripley Entertainment, Inc. is a Delaware corporation with its principal place of business located at 1800-1067 West Cordova Street, Vancouver, British Columbia V6C 1C7 Canada.

7. Defendants maintain interrelated operations and share ownership and control over the *Ripley's Believe It or Not!* located at 800 Parkway, Gatlinburg, Tennessee 37738.

Facts

8. On September 8, 2017, Plaintiffs entered the *Ripley's Believe It or Not!* in Gatlinburg, Tennessee as paying guests to ride the "Moving Theater" attraction. Defendants describe the "Moving Theater" as a REAL-D 5D movie experience. The "Moving Theater" is essentially a cross between a roller coaster and a movie. Passengers are strapped in to moving chairs that simulate falls, abrupt starts and stops, and violent twists and turns along with the action on the screen.

9. The "Moving Theater" causes participants to become mentally and visually destabilized, which causes dizziness and increased susceptibility to falls.

10. Plaintiff Milton Dyer sat through the first of two movie experiences, which violently shook his chair while exposing him to high speed and stimulating visuals. When the first movie had finished, Plaintiff Milton Dyer attempted to leave. Due to poor

lighting, inadequate handrails, and slippery concrete stairs, Milton Dyer fell down several stairs while attempting to exit the theater.

11. As a result of the fall, Plaintiff Milton Dyer has suffered serious and permanent injuries.

Legal Claims

12. At all times material hereto, Defendants owed the passengers on the "Movie Theater" a duty to exercise the utmost diligence, skill, and foresight, to provide for their passengers' safety. Defendants breached their duty in the following ways, any one of which was a departure from the accepted standard of care owed by the defendant to the Plaintiff Milton Dyer:

    A. In permitting a surface to be maintained in the area intended for public use which was dangerously slick and/or slippery;

    B. In carelessly and negligently failing to provide adequate lighting or reflective safety tape so that patrons could descend the stairs safety;

    C. In failing to warn the plaintiff either verbally or by posting any warning sign as to the existence of the above described conditions, especially in light of the dizzying "Moving Theater experience" would have on their mental and visual senses;

    D. In failing to properly and adequately supervise and oversee the above described areas;

    E. In permitting its employees or other individuals known to have access to the area to create the hazardous conditions described above;

    F. In failing to provide adequate handrails;

    G. In failing to use an abrasive or anti-slip substance in the construction and maintenance of the stairs; and

    H. In failing to use reasonable care for the safety of the Plaintiff in general.

13. Plaintiffs allege that all such actions by Defendants were negligent and negligent per se, and a direct and proximate cause of Plaintiff Milton Dyer's injuries.

14. As a direct and proximate result of the negligence of the Defendant, Plaintiff Milton Dyer received serious personal injuries, some or all of which are permanent; as a result of this, the Plaintiff has suffered continuous physical pain and mental distress; has undergone treatment and surgery; has been disfigured; has suffered a permanent diminished capacity to enjoy life; has sustained loss of income and diminished earning capacity; has incurred medical bills for treatment and care, and will continue to do so in the future.

15. As a direct and proximate result the negligence of the Defendants, Plaintiff Ila Dyer has sustained great and irreparable loss in that she will, and has been, deprived of the services, society, companionship, and consortium of her husband, Milton Dyer.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiffs, Milton Dyer and Ila Dyer, respectfully pray for relief as follows:

1. That process issue and that Defendants be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure and applicable law.

2. That Plaintiff Milton Dyer be awarded judgment against Defendants in an amount not to exceed $3,000,000.00, representing compensatory damages.

3. That Plaintiff Ila Dyer be awarded judgment against Defendant in the amount of $500,000.00, representing loss of consortium damages;

4. That Plaintiffs be awarded punitive damages as determined by the jury;

4

Case 3:18-cv-00366-TAV-DCP   Document 1   Filed 09/06/18   Page 4 of 5   PageID #: 4

5. That Plaintiffs be awarded such other legal and equitable relief to which they may be entitled, including but not limited to court costs and other general relief or money damages; and

6. Plaintiffs further demands a Jury to try this cause.

Respectfully submitted,

 /s/Richard Everett Collins
Dan Channing Stanley (TN Bar 021002)
Richard Everett Collins (TN Bar 024368)
422 S. Gay Street, Suite 301
Knoxville, TN 37902
(865) 409-4416
(865) 409-2494
dan@danchanningstanley.com
richard@collinsdoolan.com

**Counsel for Plaintiffs**

5

Case 3:18-cv-00366-TAV-DCP   Document 1   Filed 09/06/18   Page 5 of 5   PageID #: 5